IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT R. FOSTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 15 C 7650 |
| | ) | |
| PHH MORTGAGE, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott R. Foster brought this action against Defendant PHH Mortgage as the result of a mortgage dispute. Foster alleges that PHH has breached its obligations under the Dodd-Frank Wall Street Reform and Consumer Protection Act. PHH moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that it fails to state a claim upon which relief can be granted. PHH also argues that the Court should abstain from exercising jurisdiction under *Colorado River*. For the reasons stated below, the Court denies PHH's motion to dismiss and denies its motion to abstain. (Dkt. No. 15.)

## BACKGROUND

On October 28, 2004, Foster received a mortgage from PHH for his residence. (Dkt. No. 11 at ¶3). Sometime between February 2010 and April 2010, Foster contacted PHH seeking six-month forbearance on the remaining balance of the mortgage. *Id*. at ¶5. PHH advised Foster that in order to be entitled to forbearance, he would have to default on his mortgage payments. *Id*. at ¶6. Beginning in March 2010, Foster stopped making payments on his mortgage in reliance on PHH's advice. *Id*. at ¶7. Prior to March 2010, Foster had not missed any mortgage payments.

*Id*. Between March and September of 2010, Foster contacted PHH several times about his requested forbearance and PHH told Foster that his forbearance request was pending but would be approved. *Id*. at ¶8. From July 21, 2010 to mid-September 2010, PHH did not provide Foster any paperwork or a new application for forbearance under Dodd-Frank. *Id*. at ¶¶10-11. In mid-September, Foster asked PHH when he should begin making mortgage payments again. *Id*. at ¶13. PHH responded that it no longer offered a forbearance program. *Id*. at ¶15. Subsequently, PHH informed Foster that he must make the payments he missed between March and September of 2010 plus interest and penalties. *Id*. Foster did not make those payments. *Id.* at ¶16. In November 2010, PHH demanded that Foster make a payment of $285,000, the entire amount remaining on the mortgage. *Id*. at ¶17.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff must include "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Lang v. TCF Nat'l Bank*, 249 F.App'x. 464, 466 (7th Cir. 2007)). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (quotations omitted). On a 12(b)(6) motion, "[C]ourts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quotation omitted).

Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a)(2) does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For a complaint to survive a 12(b)(6) challenge, the plaintiff must give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Huri v. Office of the Chief Judge of the Cir. Ct. of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015). "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Id.*

## DISCUSSION

### I.    Sufficiency of the Complaint

PHH argues that the Complaint should be dismissed because it fails under 8(a)(2) to give PHH notice of the claims. PHH highlights how the Complaint alleges that PHH violated Dodd-Frank in general but does not cite to a specific section of the statute, which PHH asserts is insufficient to survive a 12(b)(6) motion. The Court has a "strong commitment to the idea that a plaintiff need not plead legal theories in her complaint." *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014). Accepting the factual allegations in the Complaint as true and viewing them in the light most favorable to Foster, they plausibly state a claim for relief and provide PHH sufficient notice of the claims asserted. The Complaint first alleges that PHH breached Dodd-Frank and even though it does not specify the section of Dodd-Frank that Foster seeks to enforce, it gives PHH sufficient notice of the claims Foster asserts. It alleges that PHH violated Dodd-Frank by misrepresenting its forbearance program to Foster and failing to supply Foster documents upon his request; these are adequately specific allegations to give PHH notice of the contours of

3

Foster's claims under Dodd-Frank as required by Rule 8(a)(2). The Complaint further alleges that PHH breached its duty of good faith and fair dealing in telling Foster that it had a forbearance program and he would have to fall behind on his mortgage payments to become eligible for the program. It claims that this misrepresentation by PHH induced Foster to default on his mortgage payments and that PHH knew or should have known that its statements regarding the forbearance program were untrue. The Complaint does not cite to any statute or common law theory as a basis for relief as a result of this conduct, but citation to a specific law is not necessary for federal pleadings and the Complaint's well-pleaded facts plausibly show a claim for relief for some form of detrimental reliance. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (holding Federal Rules of Civil Procedure do not require complaint to specify legal theory or statute that supports claim for relief); *Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—That the pleader is entitled to relief.") (quotation omitted). Foster is not required to plead legal theories because they "can be learned during discovery." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Because a complaint "need not identify the law on which the claim rests" and the Complaint contains sufficient allegations to ensure PHH has notice of the claims, the Court denies PHH's motion to dismiss the Complaint under 12(b)(6). *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992); s*ee also, Bartholet*, 953 F.2d at 1078; *see, e.g., Escarzaga v. Bd. of Trs. of Cmty. Dist. No. 508*, No. 15 C 2568, 2015 WL 6445606 at *4 (N.D.Ill. Oct. 23, 2015) ("Plaintiff's failure to cite the correct statutes provides no basis by itself for dismissing her age and disability discrimination claims.").

## II.    *Colorado River* Doctrine

PHH argues in one sentence at the conclusion of its motion to dismiss that the Court should abstain from exercising jurisdiction under the *Colorado River* doctrine because Foster raised similar claims in the state court mortgage foreclosure action. *See Colorado River Water Conservation Dist.* v. *United States*, 424 U.S. 800 (1976). PHH fails to provide any documentation of the state court action except for a one-page order from the state court striking Foster's counterclaims that PHH attached in its reply. (Dkt. No. 23 at Ex. 1.) In general, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Huon v. Johnson & Bell, Ltd.*, 657 F3d 641, 645 (7th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 817)). The *Colorado River* doctrine nonetheless creates a narrow exception to this rule, allowing federal courts in exceptional cases to defer to a concurrent state court case because of the need to give "regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* The Court's duty is "not to find some substantial reason for the *exercise* of federal jurisdiction but instead to ascertain whether there exist exceptional circumstances, the clearest of justifications…to justify the *surrender* of that jurisdiction." *Id.* at 645-46 (citation and quotation omitted). In determining whether to abstain under to the *Colorado River* doctrine, the Court conducts a two-part inquiry. *See Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). First, it must decide whether the concurrent state and federal actions are parallel. *Id.* The two suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* at 752. Second, only if the Court finds that the suits are parallel, it must then weigh a number of non-exclusive factors that can demonstrate the existence of exceptional circumstances. *Id.* at 751. There are ten such factors:

1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 500-01 (7th Cir. 2011).

The Court is unable to determine that abstention is prudent under *Colorado River* because PHH has failed to submit to the Court the information needed to determine if the two lawsuits are parallel and weigh the ten factors. The state court order that PHH provided does not describe the nature of the claims at issue, the source of law, the progress of the litigation, or any other critical information about the state court action that must be considered by the Court when engaging in the *Colorado River* analysis. *See id.* Moreover, PHH does not assert arguments about the two-step, multi-factor *Colorado River* inquiry to the Court, but instead states in a conclusory fashion that Foster presented the same claims to the state court and the two lawsuits are related. A party "face[s] an unusually heavy burden to show that abstention is appropriate under…*Colorado River*" and yet PHH merely states that abstention is appropriate without offering any support. *Adkins*, 644 F.3d at 497. In short, the death of information before the Court precludes its ability to consider whether abstention under *Colorado River* is appropriate. Additionally, "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction." *AAR Int'l Inc. v. Nimelias Enters. S.A.,* 250 F.3d 510, 518 (7th Cir.2001). Accordingly, the Court denies PHH's motion for abstention under *Colorado River*.

## CONCLUSION

For the reasons stated above, the Court denies PHH's motion to dismiss the Complaint under Rule 12(b)(6) and denies PHH's motion for abstention under *Colorado River*. (Dkt. No. 15.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 4/8/2016