IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT R. FOSTER | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 7650 |
| PHH MORTGAGE, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Scott R. Foster brought this action against Defendant PHH Mortgage as the result of a mortgage dispute. Foster alleges that PHH has breached its obligations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*. PHH moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that it fails to state a claim upon which relief can be granted. (Dkt. No. 38.) For the reasons stated below, the Court grants PHH's motion to dismiss and denies its motion to dismiss.

**Background**

The Court takes the following allegations from the Second Amended Complaint and treats them as true for the purposes of evaluating Defendant's motion. *See Gillard v. Proven Methods Seminars*, LLC, 388 F. App'x 549, 550 (7th Cir. 2010).

Plaintiff, Scott R. Foster, and his late wife purchased a condo, located at 1212 West Sherwin, Chicago, Illinois 60626, and secured by a mortgage loan from Defendant, PHH

1

Mortgage Company.¹ (Amended Complaint at ¶¶ 1, 3, 7). Around March 2010, Foster called PHH to discuss forbearance options on the remaining balance of his mortgage. Each of the five times that he called PHH between March 2010 to September 2010, he was connected to a call center in India. (*Id.* at ¶¶ 11, 14). During one of these phone calls, he was told to "get behind and stay behind on his mortgage in order to get six months forbearance on his loan." (*Id.* at ¶ 11). Each time he spoke to PHH, "[h]e was always told that his forebearance confirmation was in process." (*Id.* at ¶ 13). After being told this statement, Foster stopped making payments from March 2010 to August 2010. At some point during September 2010, Foster called PHH and the operator identified himself as being from PHH in New Jersey, and told Foster that PHH no longer offered a mortgage forbearance program.² (*Id.* at ¶ 15). Prior to March 2010, Foster had not missed any mortgage payments. (*Id.* at ¶ 6).

On November 8, 2010, PHH sued Foster for foreclosure. (*Id*. at ¶18; *Id.* at Exhibit 1, *PHH v. Foster*, 10 CH 48036). Foster maintains that he was victim of a program where PHH was motivated to induce homeowners to enter "dual tracking" programs in which homeowners believe they have been granted a forbearance period, but PHH simultaneously has filed for foreclosure on the .home.

Foster supports his allegation that PHH is involved in this dual tracking program by citing to two Cook County foreclosure proceedings filed against Foster's property by PHH's attorney, Shapiro Kresiman & Associates, LLC f/k/a Fisher and Shapiro, LLC where a Cook County Judge, suspended the foreclosure proceedings due to the affidavits filed in them that were inconcistent and because PHH and Shapiro have a document history of robo signers. (*Id.* at ¶36).

---

¹ The mortgage was actually from Cendant Mortgage, a predecessor company to Defendant.
² Foster does not state which phone numbers he called when attempting to reach PHH, or whether he called different phone numbers in his attempts.

On August 31, 2015, Foster filed his pro se complaint against PHH alleging violations under the Dodd Frank Act. Foster originally moved to proceed in forma pauperis but the Court found his salary of over $170,000 could not constitute poverty and he was ordered to pay the filing fee by October 9, 2016. Foster did not do so at that time and his case could have been dismissed on that day. Instead, he waited two months more to pay the fee and then sought leave of Court to keep the case open. The Court granted his oral request. Foster then filed an Amended Complaint, withdrew the Dodd Frank claim, and instead pursued two counts, one under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § § 1961, *et seq.* ("RICO") and one under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*. (Dkt. No. at p. 34). During the discovery process, Foster has failed to comply with various deadlines and the Court granted a motion to compel discovery due to his failures. Foster was warned that his case could be dismissed for want of prosecution for his delays and lack of cooperation. Meanwhile, PHH now moved to dismiss the Amended Complaint. (Dkt. No. 38). In Response to PHH's Motion to Dismiss, Foster withdrew the RICO claim. (Dkt. No. 41 at p. 7). The Court grants Foster's voluntary withdrawal of the RICO claim, and now grants PHH's Motion to Dismiss on the remaining FDCPA claim.

## **Legal Standard**

As stated in this Court's order on May 10, 2016 denying PHH's initial motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face to survive a 12(b)(6) challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). For a complaint to survive a 12(b)(6) challenge, the plaintiff must give the defendant fair notice

of what the claim is and the grounds upon which it rests. *See Huri v. Office of the Chief Judge of the Cir. Ct. of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a)(2) does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Id*. For purposes of this motion, this Court accepts all well-pleaded allegations in the Complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## **Discussion**

Congress enacted the FDCPA to protect debtors from "abusive debt collection practices by debt collectors…." 15 U.S.C. 1692(e). The FDCPA "regulates interactions between consumer debtors and 'debt collector[s].'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Urlich LPA,* 559 U.S. 573, 576 (2010). To state a claim under the FDCPA, Plaintiff must allege that: (1) defendant qualifies as a debt collector as defined in § 1692a(6); (2) the actions of which plaintiff complains were taken in connection with the collection of any debt; and (3) the actions violated one of the FDCPA's substantive provisions. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010); *see also, e.g., Kabir v. Freedman Anselmo Lindberg LLC*, No. 14 C 1131, 2015 WL 4730053, at *2 (N.D. Ill. Aug. 10, 2015).

Foster alleges that the affidavits filed in the Cook County court proceedings, and that include inconsistent preacceleration charges, violated § 1692e's proscription of "false, deceptive,

4

or misleading" statements in connection with debt collection activities, including the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). (Am. Compl. at ¶¶ 65-67). PHH contends that it is not a "debt collector" under the FDCPA. (Dkt. No. 38 at p. 7.)

For his claim to proceed, Foster first must show that PHH owed Foster a duty as a "debt collector" under the FDCPA. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6)(emphasis added). "An entity that tries to collect money owed to itself is outside the FDCPA." *Carter v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011). If the Court holds that PHH is a creditor, then it cannot also be the debt collector. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("For purposes of applying the Act to a particular debt, these two categories—debt collectors and creditors—are mutually exclusive.")

No combination of these facts would render PHH a debt collector. Instead, PHH meets the definition of creditor. As Foster concedes, PHH is in the business of originating loans, consistent with a creditor. (Am. Compl. at ¶ 56); *see Aubert v. Am. Gen. Fin., Inc.,* 137 F.3d 976, 978 (7th Cir. 1998)("Creditors who collect in their own name and whose principal business is not debt collection [] are not subject to the Act.") Foster's Complaint fails to allege PHH is a debt collector for three reasons: (1) PHH does not fit any of the exceptions to the rule that a creditor cannot be a debt collector; (2) A "mortgage servicer" is not a debt collector; (3) *Kaymark v. Bank of America, N.A.*, does not address the issue of whether PHH is a debt collector.

***(1) PHH does not fit any of the exceptions to the rule that a creditor cannot be a debt collector.***

PHH does not fit the exceptions to the rule that creditors cannot be debt collectors when they use third parties. The term "debt collector," for example, may include "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *See* 15 U.S.C. § 1692(a)(6). This is commonly referred to as the "false name" exception to the rule. *See Nielsen v. Dickerson*, 307 F.3d 623, 631 (7th Cir. 2002). Here, Foster does not allege that PHH attempted to collect the debt under the name of a third party, such as a debt collecting agency.

The Court may also deem a creditor a debt collector if at the time the creditor acquires a loan, it is already in default. *See Schlosser*, 323 F.3d at 536 ("assignees [are treated] as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."). This is not a situation like the one in *Schlosser*, where the assignee-mortgage servicer was held to be a "debt collector," only because the defendant became an assignee of an already defaulted mortgage, and acquired the mortgage solely for collection purposes. *Schlosser*, 323 F.3d at 536. Foster acknowledges that he was current on mortgage payments at the time PHH acquired the loan. (Am. Compl. at ¶ 11).

***(2) A "mortgage servicer" is not a debt collector.***

Foster argues that PHH is a debt collector because Fannie Mae owns the loan, and PHH is collecting on it as a mortgage servicer. (Dkt. 41, at p. 2; Am. Compl. at ¶¶ 17, 19, 65). Because Fannie Mae "owns" the loan, Foster suggests that PHH must be collecting the debt on Fannie Mae's behalf. Although one "usually 'obtains' a debt by purchasing it," a servicing agent obtains a debt in the sense that it acquires the authority to collect the money on behalf of another. *Carter*, 645 F.3d at 844. Thus, a servicing agent falls under the definition of "creditor," and

6

owes no duties under the FCPA. *Id.* In alleging that PHH is a mortgage servicer, Foster contradicts his argument that Fannie Mae "owns" the bank, which Foster raises for the first time in his Response to PHH's motion to dismiss.

What's more, the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include, specifically, a mortgage servicing company, as long as the debt was not in default at the time it was assigned. *See* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S.Code Cong. & Ad.News 1695, 1698; *see also Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985)). In *Motley v. Homecomings Financial, LLC*, 557 F.Supp.2d 1005 (D. Minn. 2008), a consumer alleged that the mortgage servicing company imposed improper fees and charges on mortgage accounts. Because "a debt collector does not include … a mortgage service company[,]" the District Court of Minnesota dismissed the FDCPA claim. *Id.* at 1008-1009. The Fifth Circuit concurred in *Perry*, a case that has been cited by the Seventh Circuit. *See Schlosser*, 323 F.3d at 536 (citing *Perry*, 756 F.2d at 1208.).

***(3) Kaymark v. Bank of America, N.A., does not address the issue of whether PHH is a debt collector.***

Finally, Foster heavily relies on *Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3rd Cir. 2015), and suggests that the decision gets him over the hurdle of dismissal. (Am. Compl. at ¶ 64; Dkt. No. 41 at 5-6). In *Kaymark*, the Third Circuit concluded that a debt collector could make statements in a foreclosure complaint which violate the FDCPA. Put another way, a debt collector's actions in litigation are still subject to the FDCPA. Whether statements made in the Cook County proceedings can be the basis of Foster's FDCPA claim is not at issue. PHH does not contest that a misleading statement filed in litigation may violate the FDCPA. And, the Third Circuit only tackled the debt collector classification to the extent the court held that an attorney could be liable under the FDCPA. *Id.* 176-177. There was no discussion as to whether

7

the attorney-defendant was a creditor, only the conclusion that an attorney could be held liable under the FDCPA. Further, while the Court need not reach the issue of whether Foster sufficiently alleges that the actual statements made during litigation violated the act, the Court notes that the facts in *Kaymark* are distinguishable and more egregious where the consumers alleged the attorney attempted to collect fees for legal services not yet performed. *Id.* at 174.

Foster fails to allege facts which demonstrate that PHH is a debt collector. Instead, PHH is a creditor, and therefore Foster does not have a claim under the FDCPA against them.

## **Conclusion**

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss. This was Plaintiff's second attempt at stating a claim. Further, Plaintiff has failed to apprise the Court of his address and the mail is being returned from the Court for failure to provide this Court with a new address. Because the only claim that remains in his case is the FDCPA claim and because Foster cannot state a claim in another amended complaint based on the Court's ruling, this case is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 11/10/2016